No. 14651

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

CHARLES GLENNIE and PETER GLENNIE,

Plaintiffs and Appellants,

-vs-

THE GLENNIE RANCHES,

Defendants and Respondents.

_____

Appeal from:  District Court of the Fourteenth Judicial District,
Hon. Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Josephson and Fredricks, Big Timber, Montana
Richard W. Josephson argued, Big Timber, Montana

For Respondents:

Kline & Niklas, Helena, Montana
David Niklas argued, Helena, Montana

_____

Submitted:  May 3, 1979

Decided:  OCT 2 1979

Filed:  OCT

_____
                                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Charles Glennie and Peter Glennie (herein referred to as the Glennies) appeal from an order of the Wheatland County District Court granting Glennie Ranches' motion for summary judgment.

The District Court granted summary judgment on several grounds, but the ruling that the statute of limitations (section 70-19-401, MCA) had run is dispositive of this appeal.

This case involves a dispute over the ownership of a large tract of land in Wheatland and Sweetgrass Counties. In 1932, 1934 and 1937, three tracts of land were conveyed to George and Peter Glennie, and used as ranch and farm property. One of the deeds conveyed land to "Glennie Bros., a copartnership, consisting of George Glennie and Peter Glennie"; a second deed conveyed land to "George Glennie and Peter Glennie doing business under the name of Glennie Brothers"; and a third deed conveyed land to "George Glennie and Peter Glennie jointly." The Glennie Brothers operated the Glennie Ranches as a partnership. There is no evidence, however, that the brothers reduced their partnership agreement to writing, nor is there any evidence as to the contributions of the respective partners.

On January 27, 1939, Peter Glennie Sr. died intestate, and was survived by a widow, Agnes, and two minor sons, Peter Jr. and Charles. George Watson, who died shortly after being appointed administrator of the Peter Glennie Sr's. estate,

filed an estate inventory which stated that Peter Glennie Sr. owned a one-sixth interest in the property transferred to George and Peter Glennie in 1932, 1934 and 1937 (herein referred to as the partnership property). Agnes Glennie succeeded Watson as administratrix of the estate, and was appointed legal guardian for Peter Glennie, Jr. and Charles Glennie.

On June 29, 1940, Agnes Glennie petitioned the District Court for permission to sell the estate's one-sixth interest in the partnership property, and the court granted this petition. The sale was held on July 27, 1940, and George Glennie Sr. entered the highest bid. An order confirming the sale was filed on September 9, 1940; and on October 1, 1940, the administratrix deeded the estate's one-sixth interest to George Glennie, Sr.

Over the years, many transactions took place concerning the property in question. On March 1, 1955, George Glennie Sr. conveyed the property to himself and his son George M. Glennie. On May 17, 1956, George Glennie Sr. and George M. Glennie instituted a quiet title action which resulted in a judgment giving them clear title to the property. On January 1, 1962, George Glennie Sr. and George M. Glennie conveyed the property to Glennie Ranches, a Montana corporation. The property in question has at all times been used for farm and ranch purposes.

The Glennies, who did not claim any interest in the property between 1940 and 1973, found a handwritten note addressed to them from their deceased mother in her safety deposit box informing them that they had a one-third interest in the property held by Glennie Ranches. They had contacted an attorney in Billings, concerning the note and on March 8, 1973, they wrote a letter of inquiry to George

M. Glennie of Glennie Ranches requesting information about their possible interest in the property. On March 28, 1973, George M. Glennie had his attorney write to the Billings attorney informing him that Glennie Ranches claimed a fee simple absolute interest in the property. The letter stated that Peter Glennie Sr. had owned only a one-sixth interest in the property, and that as a result of the sale of that interest by the estate, the Glennies had no further claim in the property.

On April 20, 1978, the Glennies instituted an action in Wheatland County District Court for partition of the property; or in the alternative, for the sale of the property and a division of the proceeds. On November 24, 1978, the District Court granted summary judgment for Glennie Ranches, based in part on the statute of limitations.

The Glennies contend that a different statute of limitations is applicable to this case, namely the right of a cotenant to file an action for partition under section 70-29-101, MCA. By this statute, there is no time limit in which a cotenant must file an action for partition.

Section 70-29-101, MCA, provides that a cotenant who holds and is in possession of real property may bring an action for partition. No time limit is set for bringing the action. Rather than being a statute of limitations it merely sets forth the generally recognized rights of a cotenant in possession to file a partition action.

The action in the instant case is one for the recovery of an interest in real property, and section 70-19-401, MCA, is the applicable and controlling statute. It provides that no action for the recovery or for the possession of real property can be maintained unless it appears that the plaintiff,

-4-

his ancestor, predecessor, or grantor was seized or possessed of the property in question within five years before the commencement of the action. In Thibault v. Flynn (1958), 133 Mont. 461, 325 P.2d 914, we held that when possession is open, notorious and continuous, the one whose land is encroached upon has a cause of action that must be exercised within the time limit set by this statute.

On October 1, 1940, Agnes Glennie as administratrix deeded the estate's one-sixth interest in the property to George Glennie, Sr.; and the estate was no longer seized or possessed of the property, and any cause of action would have arisen at that time. The Glennies instituted their action for partition of the property almost 38 years after the estate's one-sixth interest had been deeded to George Glennie, Sr. Clearly, section 70-19-401, MCA, bars their action.

The Glennies contend that the statute of limitations did not begin to run until they had actual notice of Glennie Ranches exclusive claim to the property. They cite no authority for this theory. Assuming arguendo, however, that the statute of limitations did not begin to run until the Glennies had actual notice, the Glennies' action for partition of the property is nonetheless barred. The March 28, 1973 letter gave the Glennies actual notice that Glennie Ranches were claiming exclusive interest in the property. The Glennies were fully aware of the situation giving rise to this lawsuit in late March 1973. They did not commence their action until April 20, 1978, and are barred even under their own theory of actual notice.

The order of the District Court granting summary judgment is affirmed.

Justice

-5-

We Concur:

_____
Chief Justice

_____

_____

_____
Hon. Gordon Bennett, District
Court Judge, sitting in for
Mr. Justice John Conway
Harrison